## ASA McPHERSON *vs.* GEORGE HOUSEL.

In a foreclosure suit the subpœna was returned with the usual affidavit of the nonresidence of the defendant. It appeared that the defendant had separated from his wife, who had gone with her children to her father, the complainant. The defendant, after boarding in the county of Hunterdon for a short time, left the state, and was confined for crime in the penitentiary of Pennsylvania.

*Held,* that the actual domicil of the wife was not the legal domicil of the husband; nor could it be regarded, contrary to the fact, as his actual residence within the meaning of the statute regulating the service of process.

*B. Van Syckel,* for complainant.

*G. A. Allen,* for defendant.

THE CHANCELLOR. Upon a bill for foreclosure, a final decree was made on the twelfth of July, 1860. On the thirtieth of August, upon the petition of the defendant, an order was made upon the complainant to show cause why the decree and all the proceedings in the cause subsequent to the filing of the bill should not be set aside for illegality and irregularity specified in the petition, and that in the mean time the sheriff should refrain from selling the premises in pursuance of the decree.

The first and most material ground of illegality alleged in the petition is, that at the time the subpœna was issued the defendant was temporarily absent from the state; that his family resided in the county of Hunterdon, into which the process issued, and the subpœna might and ought to have been secured according to law; that all these facts were known to the complainant, but that he caused the subpœna to be returned by the sheriff on the same day he received it, with the usual affidavit that the defendant was a nonresident, and that, in order to prevent the existence

of the suit from coming to the knowledge of the defendant's agent, the complainant procured the order of publication in the cause to be published in a newspaper published in the city of Trenton, and not in the county of Hunterdon, where the lands lie and where the parties reside.

The facts alleged in the petition constitute a gross case of the fraudulent use and abuse of the process of the court, and if proved would have required a prompt and decisive remedy.

But there is no evidence offered by the defendant in support of the facts alleged in the petition. Neither the petition nor the affidavit annexed are sufficient evidence of the charge. The evidence on the part of the complainant shows that the defendant, who had married the complainant's daughter, had abandoned his wife and children eighteen months prior to the issue of the subpœna, but they have since resided with and been supported by the complainant; that the defendant, for a short time before he last left the state, boarded with a person by the name of Bush, in the county of Hunterdon, but that Bush changed his place of residence prior to the service of the subpœna; that before his removal the defendant had left the state, and was confined in the penitentiary of Pennsylvania for crime.

It is clear, upon this statement of facts, that the subpœna could not have been lawfully served, as required by the statute, at the dwelling house or usual place of abode of the defendant. The residence of Bush could in no sense be regarded as his usual place of abode. He had ceased to board there—he had in fact never made his home where Bush resided at the time of serving the subpœna, nor could the house of the complainant, where the defendant's family resided, be regarded as his dwelling place. He did not in fact reside there; he had separated himself from his family. It was neither his actual nor his legal residence. The domicil of the husband is *prima fa-*

*cie*, at least, the wife's legal domicil wheresoever she may be personally resident, and it seems that the citation of the wife at the domicil of the husband is sufficient to found the jurisdiction of the eclesiastical court in a suit for separation. *Chichester* v. *Donegal*, 1 *Addams* 5 ; *Shelford on Marriage and Divorce* 488.

But the actual domicil of the wife cannot be the legal domicil of the husband, much less can it be regarded, contrary to the fact, as his actual residence or place of abode within the meaning of the statute regulating the service of process. If the complainant had caused the subpœna to be served at his own house upon the wife of the defendant under the state of facts proved to exist in this cause the service would have been clearly invalid. The defendant was not a resident of the state, he was not personally here, nor had he any actual residence or place of abode within the state between the issuing of the subpœna and the time of its return. The return of the subpœna therefore, as made by the sheriff, was not illegal, nor does the publication of the order for the defendant to appear in a newspaper published in another county from that in which the lands lie render the decree illegal or irregular. The practice is to direct the publication to be made in the county where the lands lie, but the publication in a different county does not conflict with the statute; and where there is no suggestion of fraud or unfair practice, it does not invalidate the proceeding. The proceedings cannot be set aside on the ground of illegality or irregularity.

But notwithstanding the regularity of the proceedings, I should have no hesitation in opening the decree, and admitting the defendant to answer, if there was any proof, or even a probability, of there being any error in the decree. The petition, which is signed by counsel, states, upon information, that the decree is for a larger amount than is actually due. But the defendant, in his affidavit, does not so state; the fact is expressly denied

by the complainant, and if true it might readily have been verified by the production of the papers or by oral proof.

The rule to show cause must be discharged with costs.